BERNARD ROBINSON,

    Plaintiff,

v.

CIVIL ACTION NO.: CV209-118

BRUNSWICK CIRCUIT DISTRICT
ATTORNEY'S OFFICE; BRUNSWICK
CIRCUIT PUBLIC DEFENDER'S
OFFICE; and CLERK OF SUPERIOR
COURT,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently being detained at the Glynn County Detention Center in Brunswick, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that the Brunswick Public Defender's Office, the Brunswick Judicial Circuit District Attorney's Office, and the Brunswick Clerk of Superior Court have conspired to violate his rights. Plaintiff asserts that he was made to proceed during the prosecution of his criminal case without an attorney.

A conspiracy "to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that defendants '"reached an understanding to violate [his] rights."' Id. (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988)). As Plaintiff has not shown that Defendants reached an understanding to violate his rights, he has not set forth a proper conspiracy claim against Defendants.

In addition, prosecutors are immune from liability under the doctrine of prosecutorial immunity for actions taken within the scope of their office. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Prosecutorial immunity in § 1983 suits is derived from judicial immunity. Id. at 427. Policies supporting prosecutorial immunity include concerns "that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. Plaintiff has not alleged that anyone with the District Attorney's Office acted outside the scope of his or her position as a prosecutor, and, accordingly, Plaintiff cannot maintain a claim against the District Attorney's Office.

Further, "[i]n order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation omitted). A court-appointed attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff has not shown that the Public Defender's Office did not perform the traditional functions as counsel or that the Public Defender's Office otherwise acted under color of state law at

AO 72A
(Rev. 8/82)

any time. Accordingly, Plaintiff cannot sustain a section 1983 claim against the Public Defender's Office.

Plaintiff's cognizable claim is addressed in an Order of even date.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's conspiracy claims against all Defendants be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's claims against Defendants Brunswick Public Defender's Office and Brunswick Judicial Circuit District Attorney's Office be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of October, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE