FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 NOV -2 AM 11:45
CLERK R. Cur
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BERNARD ROBINSON,

    Plaintiff,

v.

CLERK OF SUPERIOR COURT,

    Defendant.

CIVIL ACTION NO.: CV209-118

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at the Glynn County Detention Center in Brunswick, Georgia, filed a 42 U.S.C. § 1983 action alleging that Defendant Lola Jamsky ("Defendant") violated his constitutional rights. On July 20, 2010, Defendant filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendant filed a Motion for Summary Judgment and that a response must be filed by August 13, 2010. (Doc. No. 24). That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response to Defendant's Motion for Summary Judgment.

## STATEMENT OF THE CASE

Plaintiff alleges that he learned that he did not have a lawyer to represent him during the prosecution of his criminal case. Plaintiff asserts that he attempted to file a *pro se* motion for speedy trial, which Defendant, the Clerk of the Glynn County Superior Court, would not file. Plaintiff also asserts he was informed that he could not file a *pro se* motion.

Defendant contends that Plaintiff's access to the courts claim fails because his alleged attempt to file was not done in pursuit of a non-frivolous case and he cannot show he suffered an actual injury. Defendant also contends that she is entitled to qualified immunity, as well as quasi-judicial immunity.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge her burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Defendant is Entitled to Summary Judgment on Plaintiff's Access to Courts Claim.**

Defendant asserts that Plaintiff was not pursuing a specific type of non-frivolous claim—a post-conviction appeal, a habeas corpus petition, or a civil rights suit—when he allegedly attempted to file a *pro se* motion for speedy trial in his criminal case; accordingly, Defendant avers, Plaintiff's claim fails as a matter of law. In addition, Defendant contends that, to the extent Plaintiff's alleged attempt to file his motion was unsuccessful, the impairment of any other litigating capacity is one of the incidental, yet constitutional, consequences of incarceration. Further, Defendant contends that, even if

3

AO 72A
(Rev. 8/82)

Plaintiff had been pursuing one of the three specific cases, he has failed to show he suffered an actual injury.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. Lewis v. Casey, 518 U.S. 343 (1996). Stated another way, the "only specific types of legal claims [which] are protected by this right [are] the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit." Hyland v. Parker, 163 F. App'x 793, 798 (11th Cir. 2006) (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)). There is no issue of material fact when the non-moving party has failed to prove the existence of an element essential to his case. Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415.

AO 72A
(Rev. 8/82)

Defendant submitted, *inter alia*, a Statement of Material Facts, her affidavit, and a copy of the transcript of Plaintiff's deposition testimony. This evidence reveals that Defendant does not receive or file any pleadings in criminal or civil cases and only manages employees who do and that there is no record that her office ever received a motion for speedy trial from Plaintiff. (Doc. No. 23-2, p. 2). Additionally, Plaintiff was represented by a member of the Public Defenders' Office at the time he allegedly attempted to file this motion. (Doc. No. 23-5, pp. 11-13, 15).

In contrast, Plaintiff has submitted nothing to establish the existence of a genuine issue of material fact as to whether Defendant denied him access to the courts. In addition, Plaintiff has submitted no evidence that, even if Defendant's actions denied him access to the courts, he sustained an actual injury in the pursuit of a non-frivolous claim. Moreover, Plaintiff has submitted no evidence that he sustained an actual injury to a "protected" type of case, i.e., a direct or collateral attack of his conviction or a civil rights action.[1]

It is unnecessary to address the remaining grounds set forth in Defendant's Motion for Summary Judgment.

---

[1] Even though the applicable case law pertains to convicted prisoners, the principles therefrom should apply no less to detainees. Given this, however, Plaintiff has not shown the existence of a genuine issue of material fact regarding whether the purported failure to file a *pro se* motion, at a time which he was represented by counsel, caused him any actual injury.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's unopposed Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of November, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)